UNITED STATES COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY SPELLINGS,
  Plaintiff

VS.

                   NO. 4:21-CV-04066

PORTERFIELD TRUCKING, LLC
  Defendant

## ORIGINAL COMPLAINT

Plaintiff for his Complaint states:

### PARTIES

1. Plaintiff, Roy Spellings ("Spellings" or "Plaintiff"), resides in Bowie County, Texas.

2. Defendant, PORTERFIELD TRUCKING, LLC ("PORTERFIELD TRUCKING" or "Defendant"), is an Arkansas Corporation doing business in the State of Arkansas. Porterfield Trucking may be served with process through its registered agent for service of process, Ethan Fletcher Porterfield, 350 MC 477, Texarkana, Arkansas 71854.

### JURISDICTION & VENUE

3. This Court has jurisdiction over this claim based on a complete diversity of citizenship and the amount in controversy being greater than $75,000.00.

4. Venue is proper because Defendant resides in this District.

## FACTUAL BACKGROUND

5. Plaintiff is self-employed and owns and operates his own Eighteen-Wheeler. On or about October 10, 2019, Plaintiff was traveling on Highway U.S. 59 in the right lane. As Plaintiff slowed to turn right into a private drive, Raymond Allen Haggard--Defendant Porterfield Trucking's employee-was driving a 2009 Peterbilt and slammed into the rear of Plaintiff's Truck.

6. As a result of the collision, Plaintiff sustained serious injuries and severe property damage. Plaintiff's 18-Wheeler was totaled, thus eliminating his ability to earn a living.

## CLAIMS FOR RELIEF - COUNT I
## (NEGLIGENCE - RESPONDEAT SUPERIOR LIABILITY)

7. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 6 as if such allegations were set forth herein word for word.

8. At all material times relevant to this case, Haggard was employed by Defendant and was acting within the course and scope of his employment with Defendant. On the occasion in question, Haggard was engaged in company business on behalf of Defendant. Thus, Porterfield Trucking is vicariously liable for the actions of Haggard under the doctrine of respondeat superior.

9. Porterfield Trucking, by and through the acts and omissions of Haggard, was negligent in each of the following ways:

    a. failing to keep a proper lookout;

    b. failing to control the 2009 Peterbilt;

    c. failing to pay attention;

    d. driving at an excessive rate of speed under the circumstances;

    e. failing to timely apply brakes;

    f. failing to control speed;

      g. failing to yield the right of way;

      h. in operating the vehicle in an unsafe manner; and

      i. otherwise failing to act with reasonable care under the circumstances.

10. Porterfield Trucking's negligence proximately caused the damages sustained by Plaintiff set forth herein.

COUNT II
(NEGLIGENCE - FAILURE TO TRAIN AND INSTRUCT/
NEGLIGENT ENTRUSTMENT)

11. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 10 as if such allegations were set forth herein word for word.

12. At all material times relevant to this case, Haggard was employed by Porterfield Trucking and was acting within the course and scope of his employment with Porterfield Trucking. As part of his employment, Porterfield Trucking entrusted Haggard with the 2009 Peterbilt involved in the collision with Plaintiffs.   Upon information and belief, Porterfield Trucking failed to adequately train and instruct Haggard in the safe operating procedures regarding the use of the 2009 Peterbilt in Porterfield Trucking's business operations.

13. In this regard, Porterfield Trucking was negligent in each of the following ways:

      a. Failing to properly qualify Haggard;

      b. Failing to supervise Haggard;

      c. Failing to train Haggard;

      d. Continuing to employ Haggard;

      e. Failing to properly instruct Haggard on operating an 18-Wheeler safely;

f.  Failing to assure Haggard complied with all Federal Motor Carrier Regulations;

g.  Failing to properly train all employees, officers, and/or personnel responsible for maintaining and inspecting the truck and/or trailer when it was located at Defendant's premises;

h.  Failing to supervise all employees, officers and/or personnel responsible for maintaining and inspecting the truck and/or trailer when it was located on Defendant's premises;

i.  Permitting the truck and trailer to leave Defendant Porterfield's premises in a defective and unsafe condition in violation of Federal Motor Carrier Safety Regulations;

j.  Permitting the truck and trailer to leave Defendant Porterfield's premises when its agents, servants and employees knew, or in the exercise of ordinary care should have known, that such vehicle was in such an unsafe condition as to endanger the lives of other persons;

k.  Permitting the truck and trailer to leave Defendant Porterfield's premises without being inspected for defects;

l.  Permitting the truck and trailer to leave Defendant Porterfield's premises without performing proper maintenance on the truck and trailer;

m.  Permitting the truck and trailer to leave Defendant's premises while being operated in violation of Federal Motor Carrier Regulations; and

      n.      Permitting the truck and trailer to leave Defendant Porterfield's premises in a condition that violates Federal Motor Carrier Regulations.

14. Porterfield Trucking's negligence proximately caused the damages sustained by Plaintiff set forth herein.

## DAMAGES

15. As a result of the above and foregoing, Plaintiff has been severely injured, and sustained substantial damages, as follows:

    a.    reasonable medical expenses in the past;

    b.    reasonable medical expenses needed in the future;

    c.    past and future pain and suffering;

    d.    past and future physical impairment;

    e.    past and future physical disfigurement and scarring;

    f.    past and future physical disability;

    g.    past and future mental anguish;

    h.    lost earnings and loss of earning capacity;

    i.    property damage;

    j.    lost self-employment earnings due to Plaintiff's 18-wheeler being destroyed;

    k.    lost use of Plaintiff's 18-wheeler;

    l.    other damages recoverable under applicable law.

16. Defendant Porterfield Trucking by and through its employees, officers and

personnel knew, or ought to have known, in light of the surrounding circumstances that their conduct, as set forth in this Complaint, would naturally and probably result in injury and death to third parties, and it continued such conduct in reckless disregard of the consequences from which malice may be inferred, thus entitling Plaintiff to punitive damages.

17. Plaintiffs reserve the right to conduct discovery in this action and amend this Complaint after the discovery of additional evidence.

WHEREFORE, Plaintiff prays Defendant be cited in terms of law to answer and appear herein; that after a jury trial herein, Plaintiff have judgment against Defendant for an amount within the jurisdictional limits of this Court; for prejudgment interest; for interest on their judgment at the legal rate; for costs of court; and for such other and further relief, both general and specific, to which Plaintiff is entitled.

                Respectfully Submitted,

                /s/Matthew Golden
                MATTHEW F. GOLDEN
                State Bar No. 2007104

                MATTHEW GOLDEN LAW FIRM, PLLC
                723 Main Street
                Texarkana, TX 75501
                (903) 791-0439
                Fax (903) 792-5073

                ATTORNEY FOR PLAINTIFFS